VILES, J.,
concurring in result.
This Court has adopted the Federal Rules of Civil Procedure. Rule 56(e) provide in part that:
When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party’s pleading, but the adverse party’s response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party. (15)
The Motion for Summary Judgment was made by Mr. Cantrell and the “adverse party” mentioned here is two-fold: the Cherokee Nation and Cherokee Nation Enterprises, Inc. It is my opinion that Mr. Cantrell’s motion met its test, but that the response did not meet its. There is just the one affidavit and it recites only details of how Mr. Holderby and CNE’s loans came to be affiliated.
For that reason, I would grant the Motion for Summary Judgment.
Further, the work of any board of directors is part-time in nature. It is to provide outside knowledge, contacts, and objectivity in order to set policy for a company. Such policy is then carried out by the officers of the company in the intervals between board meetings.
I don’t find a conflict with a banker being on a corporate board. I don’t know if Mr. Holderby’s election was a loan requirement of Boatman’s Bank, but I do know that in the corporate world, an arrangement for a banker to sit on a customer corporation’s board is not uncommon. When acting as a corporate director, it is expected that the banker will abstain from voting on matters related to his full-time employer. Likewise, in his full-time bank- *11 ¡ng job, he would have received the consent of his employer-bank’s board and would abstain from voting on customer company-related matters there. Frequently reminding other bank officials of his dual service.
Article X, Section 10 of the Cherokee Constitution talks about “any person employed” as coming under its provisions. As a direct or of a subsidiary corporation, it’s not clear that Mr. Holderby is an employee, since his service is part-time and it is known by all that his principal employment is elsewhere. He is obliged to point out any conflict-of interest as they arise and to steer clear of them at all times, but I am unable to say that his mere sitting on the board presents a conflict of interest. (Also, his director’s fee is neither “wages” nor “par diem” as allowed by the Constitution prohibits. Instead, it is actually a fee or stipend and I think that’s allowable in this case. Ms. Purcell calls it a “per diem payment per meeting,” but I think it’s just a stipend or fee.)
Harder to reconcile is CNE’s Conflict of Interest statement. Certainly, as stated, Mr. Holderby is obliged to point out any conflicts of interest as they arise and to steer clear of them at all times, but I don’t believe his service as a director violates the conflict of interest statement. He is not an “employee or official” of the corporation; he’s a director.
I agree with the reasoning of the other two justices as to the Principal Chief, the Secretary-Treasurer, and the two Tribal Council members. Even if we treat Mr. Holderby as a board of one, I suspect that by-laws prohibit his functioning as such. The by-laws (16) aren’t before us and that question must go unanswered for the present. (17)